**SMITH CORRELL, LLP**
MARK SMITH – California SBN 213829
 msmith@correllsmith.com
11766 Wilshire Blvd., Suite 1670
Los Angeles, CA 90025
Tel: (213) 443-6222
Fax:   (877) 730-5910

Attorneys for Plaintiff
REFLEX MEDIA, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| REFLEX MEDIA, INC., a Nevada corporation,<br><br>            Plaintiff,<br><br>        vs.<br><br>VIBE MEDIA, INC. d/b/a CityVibe.com, a California corporation; SOPHIA THOMPSON, an individual; PEAKRIDGE d/b/a SugarModels.com, an Anguilla company; DANIEL ROMAN a/k/a Daniel Romanesse, an individual; ALI ASKARI, an individual and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No. 2:16-cv-2243<br><br>**AMENDED COMPLAINT FOR FRAUD, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, COMPUTER FRAUD AND ABUSE, UNAUTHORIZED ACCESS TO COMPUTERS, MISAPPROPRIATE OF TRADE SECRETS, INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND ACCOUNTING; DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Reflex Media, Inc. ("Reflex Media" or "Plaintiff"), and hereby brings this Complaint against Defendants Vibe Media, Inc. d/b/a CityVibe.com ("Vibe Media"), Sophia Thompson ("Thompson"), Peakridge d/b/a Sugarmodels ("Peakridge"), Daniel Roman a/k/a Daniel Romanesse ("Roman"), Ali Askari ("Askari"), and Does 1–10, inclusive (collectively, "Defendants"; Thompson, Roman, Askari and Doe No. 1 collectively the "Individual Defendants"), and alleges as follows:

# **INTRODUCTION**

1.     Defendants have illegally infiltrated Plaintiff Reflex Media's website to steal Reflex Media's client list and divert its customers to Defendants' website.

2.     Reflex Media operates several online dating websites.[1] Its most famous website is <SeekingArrangement.com>.  Defendants own and operate an inferior, competing website.

3.     Defendants illegally gained access to <SeekingArrangement.com> by posing as legitimate customers, who consented to be bound by <SeekingArrangment.com>'s Terms of Use and thereby represented that they intended to use the website for personal use only. This representation was false, and merely a ruse to gain access to the member content available on <SeekingArrangment.com>. Had Reflex Media known of Defendants' true intent, they would not have allowed the Individual Defendants to become members of <SeekingArrangement.com> or access the members' portions of the <SeekingArrangement.com> website.

4.     Defendants' true intent was actually malicious. Unbeknownst to Reflex Media, the Individual Defendants named in this lawsuit were acting as a Trojan horse on behalf of the entity defendants, and were attempting to infiltrate <SeekingArrangement.com> to gain access to <SeekingArrangement.com>'s customers and their contact information—a trade secret Reflex Media closely guards in a fully-encrypted database. In fact, but for Defendants' corporate espionage and fraudulent behavior, the only other means by which they could have gained access to <SeekingArrangement.com>'s customer list would have required them to "hack" directly into <SeekingArrangement.com>'s database.

5.     Then, after Defendants illegally gained access to <SeekingArrangement.com>, they launched a campaign to defraud

---

[1] Reflex Media operates the websites referenced in this complaint under a sub-licensing and operating agreement. Under this arrangement, Reflex has been assigned the right to sue on behalf of the owners of the intellectual property.

<SeekingArrangement.com> and its customers by sending the customers text messages stating that SA—short for Seeking Arrangement—was inviting them to visit and join Defendants' competing website. This representation by Defendants was patently false, as Reflex Media has never advised anyone to visit Defendants' website and Seeking Arrangement does not sell its customer database to be used to promote the services of third parties.

6. Finally, to aid their fraudulent scheme and give it some appearance of legitimacy, Defendants adopted a confusingly similarly trademark to Reflex Media's trademark in an attempt to make it appear as though Defendants' website is affiliated with <SeekingArrangement.com> and Seeking Arrangement's brand generally.

7. To date, Defendants have perpetrated this fraud by sending false and misleading text messages to more than 10,000 of <SeekingArrangement.com>'s customers, causing actual confusion among many of <SeekingArrangement.com>'s customers and disrupting <SeekingArrangement.com>'s business generally. When Reflex Media became aware of Defendants' fraudulent conduct it suspended the memberships involved in the fraud. However, it is apparent that Defendants have merely created additional fraudulent accounts in order to continue perpetrating their fraud against Reflex Media, <SeekingArrangement.com>, and their customers.

8. To bring an end to this deceptive and illegal campaign, to preserve its own business, and protect its clients, Reflex Media has been forced to bring this action.

## PARTIES

9. Plaintiff Reflex Media is, and at all material times hereto was, a corporation duly organized and existing under the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada. Among other things, Reflex Media operates several online dating websites.

10. Defendant Vibe Media is, upon information and belief, a California corporation with its principal place of business in West Hollywood, California. Based on information and belief, Vibe Media owns and/or operates the infringing website,

<www.sugarmodels.com>. Defendant Vibe Media also owns and/or operates the website, <www.cityvibe.com>, which offers escort and adult massage-related services. These two websites are used in tandem by Defendants: When a user visits <www.cityvibe.com>, they are immediately prompted to accept Vibe Media's terms of use before they are permitted to proceed to that website's homepage. If a user refuses to accept Vibe Media's terms and conditions by selecting the "exit website" link in the prompt window, they are immediately re-routed to <www.sugarmodels.com>.

11.     Defendant Sophia Thompson is, upon information and belief, an individual that resides in or around West Hollywood, California. Upon information and belief, Thompson is the manager of Vibe Media's website, <www.cityvibe.com> and an agent, owner and/or employee of Defendant Vibe Media and/or Peakridge.

12.     Defendant Peakridge is, upon information and belief, a company based in Anguilla with its principal place of business in or around Los Angeles, California. Defendant Peakridge owns and/or operates the infringing website, <www.sugarmodels.com>.

13.     Defendant Daniel Roman is, upon information and belief, an individual that resides in or around Las Vegas, Nevada, and an agent, owner and/or employee of Defendant Vibe Media and/or Peakridge.

14.     Defendant Ali Askari is, upon information and belief, an individual that resides in or around West Hollywood, California. Upon information and belief, Askari is an agent, owner and/or employee of Defendant Vibe Media and/or Peakridge.

15.     Doe No. 1 is an individual that uses the alias, "Gary nyc," and purports to reside at 123 West Main Street, New York, New York 10001. Doe No. 1 is, upon information and belief, an agent, owner and/or employee of Vibe Media and/or Peakridge. Reflex Media will seek leave to amend this Complaint to identify Doe No. 1's true identity as soon as it is ascertained.

16.     Defendants Thompson, Roman, Askari and Doe No. 1 are sometimes referred to collectively as the "Individual Defendants." Defendants Vibe Media and Peakridge are sometimes referred to collectively as the "Entity Defendants."

17.     Reflex Media does not presently know the true names and capacities of the defendants named herein as Does 2 through 10, inclusive. Reflex Media will seek leave to amend this Complaint to allege these defendants' true names and capacities as soon as they are ascertained. Reflex Media is informed and believes, and on that basis alleges, that each of the fictitiously named defendants, Does 1 through 10, participated in, and in some manner are responsible for, the acts alleged in this Complaint and the damages resulting therefrom.

18.     Reflex Media is informed and believes that at all times referenced herein, each Defendant was or is the agent, employee, partner, co-venturer, joint venture, successor-in-interest, alter ego, and/or co-conspirator of each and all of the other Defendants, and was acting within the course and scope of said agency, employment, partnership, co-venture, joint venture, relationship and/or conspiracy. Reflex Media is informed and believes, and on that basis alleges, that each Defendant acted in concert with, and with the consent of, each of the other Defendants, and that each Defendant ratified or agreed to accept the benefits of the conduct of each of the other Defendants. Reflex Media is further informed and believes, and on that basis alleges, that each Defendant actively and knowingly participated in the furtherance of the wrongful acts alleged herein, directed the wrongful acts alleged herein, benefitted from the wrongful acts alleged herein, and/or used the entity-defendants in a willful and intentional manner to carry out the wrongful acts alleged herein.

## JURISDICTION AND VENUE

19.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b) because Reflex Media's claims arise under the Lanham Trademark Act, 15 U.S.C. § 1051, *et seq.*, and further present a claim of unfair competition joined with a substantial and related claim under the trademark laws. This

Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, under the doctrine of supplemental jurisdiction.

20.    Personal jurisdiction exists over Defendant Vibe Media because, based upon information and belief, its principal place of business is located in West Hollywood, California. As such, this Court may exercise general personal jurisdiction over Vibe Media without offending traditional notions of fair play and substantial justice.

21.    Upon information and belief, Defendants Peakridge and Vibe Media (i.e., the "Entity Defendants") regularly conduct business in or around West Hollywood, California, and advertise their business in and around Los Angeles, California. As such personal jurisdiction exists over the Entity Defendants because they conduct and promote their business in, and derive material benefits from, the State of California and this judicial district, or otherwise avail themselves of the privileges and protections of the laws of the State of California, such that traditional notions of fair play and due process are not offended by this Court's exercise of jurisdiction over them.

22.    Personal jurisdiction exists over Defendants Thompson and Askari because, based upon information and belief, they are residents of the State of California and this judicial district. As such, this Court may exercise general personal jurisdiction over Defendants Thompson and Askari without offending traditional notions of fair play and substantial justice.

23.    Personal jurisdiction also exists of Defendants Roman and Doe No. 1 because, based upon information and belief, they are agents, owners and/or employees of Defendants Vibe Media and/or Peakridge, and the acts giving rise to this action arise from the promotion and furtherance of Defendants Vibe Media and/or Peakridge's business—which, as described above, has substantial ties to this judicial district. As such, this Court may exercise personal jurisdiction over Defendants Roman and Doe No. 1 without offending traditional notions of fair play and substantial justice.

24.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events and omissions giving rise to the claims asserted herein

occurred within this judicial district, substantial injury occurred in this district, and Defendants are otherwise subject to the Court's personal jurisdiction in this district.

## **GENERAL ALLEGATIONS**

### REFLEX MEDIA OPERATES A PROFITABLE BUSINESS USING ITS TRADEMARKS

25.     Since early 2006, Reflex Media—through its predecessor in interest, InfoStream Group, Inc. ("InfoSream")—has operated[2] a number of dating websites, which presently include: <SeekingArrangement.com>, <SeekingMillionaire.com>, <MissTravel.com>, <WhatsYourPrice.com>, <OpenMinded.com>, <PairMeUp.com>, and <PerfectArrangement.com>. These websites promote and facilitate niche dating, specifically, "sugar daddy dating." Sugar daddy dating involves matching generous benefactors willing to pamper attractive partners in return for their friendship or companionship.

26.     <SeekingArrangement.com> (sometimes referred to herein as "Seeking Arrangement" or "SA") features a unique business model that differentiates its users as either a "Sugar Daddy" or "Sugar Momma" who are willing to pamper (a "Benefactor"), on the one hand, or a "Sugar Baby" seeking the companionship of such a Benefactor (a "Member"), on the other hand. Seeking Arrangement does not charge subscription fees to its Members, who are able to "Join Free." Benefactors, on the other hand, pay a subscription fee. Members may also pay a fee to access premium features and be prominently featured to Benefactors.

27.     Because of its unique business model, whereby Seeking Arrangement charges Benefactors while allowing Members to use the website for free, the website has been successful in attracting a higher number of Members than Benefactors to sign up. This ratio is unique in the online dating industry and maintaining a high number of

---

[2] Reflex Media also owns the right to use the intellectual property associated with these websites and has been assigned the right to sue to protect the associated intellectual property.

female Members is important to Seeking Arrangement's uniqueness in the market and business success.

28.    In the time Seeking Arrangement has operated, it has attracted the attention of numerous media outlets, including: *Time, Forbes, The Atlantic, ABC News, CNN, MSNBC, the San Francisco Chronicle,* and *Fox News Channel*.

29.    Reflex Media and its predecessors have invested millions of dollars to promote and establish the look and feel of <SeekingArrangement.com> and its associated trademarks. As a result, the website and its use of the marks, SEEKING ARRANGEMENT and SA— shorthand for Seeking Arrangement—have become synonymous with Reflex Media's business and the high quality product that Seeking Arrangement provides.

30.    Due to this publicity and Reflex Media's substantial expenditures on advertising, Seeking Arrangement has become a well-known and recognizable worldwide brand, and is associated in the minds of consumers with online dating.

31.    Reflex Media's other online dating websites, <SeekingMillionaire.com>, <MissTravel.com>, <WhatsYourPrice.com>, <OpenMinded.com>, <PairMeUp.com>, and <PerfectArrangement.com>, similarly act as elite matchmaking services between financially successful and beautiful partners, each with a focus on different sub-markets within the online dating business. In short, Reflex Media uses its marketing in a way that benefits from, and builds off of, the brand established by Reflex Media's famous and high quality websites to add additional users and increase their market recognition and trademark association.

REFLEX MEDIA HAS OBTAINED FEDERAL REGISTRATION FOR TRADEMARKS ASSOCIATED WITH SEEKINGARRANGEMENT.COM

32.    Reflex Media operates the website <SeekingArrangement.com> in connection with the promotion, advertising, and sale of its services, and—through its predecessor, InfoStream—operated the website before the acts of Defendants complained of herein.

33.     In order to protect the investment in its brand and online dating business, Reflex Media has an exclusive license to use and to enforce the federal registration for the trademark, SEEKING ARRANGEMENT[3]

34.     In connection with the operation of <SeekingArrangement.com>, Reflex Media also uses the unregistered trademark, SA—short for Seeking Arrangement. The SA trademark has been used continuously, both internally and by third parties, to refer to Reflex Media's website, <SeekingArrangement.com>, since near its inception. As a result, the SA trademark has become synonymous with <SeekingArrangement.com> in the online dating community.

35.     Reflex Media's SA trademark is distinctive and has, over time, also acquired secondary meaning. The public associates the SA mark with Reflex Media's goods, services and reputation. This is a result of Seeking Arrangement's inherent distinctiveness and the distinctiveness acquired through extensive advertising, sales, unsolicited media attention, and use in commerce throughout the United States.

36.     The SA trademark is non-functional, not essential to the purpose of the services of <SeekingArrangement.com>, and does not constitute the actual benefit the user wishes to purchase.

37.     Reflex Media and its predecessor have spent millions of dollars and expended years of effort (beginning in 2006) advertising, promoting and developing the trademarks related to Reflex Media's online sugar daddy dating websites throughout the United States and internationally, which efforts and trademarks became associated with <SeekingArrangement.com> once the website was launched, immediately raising its profile and recognition among the general consuming public. As a result of such advertising and expenditures, Reflex Media has created famous marks that are recognized throughout the industry and by the general consuming public. Reflex Media has

---

[3] United States Trademark Registration No. 3,377,772 was issued on February 5, 2008. The trademark, SA, which is referenced repeatedly throughout this complaint, is simply referred to herein as the "SA trademark" and is separate and apart from the registered SEEKING ARRANGMENT trademark referenced here.

established considerable goodwill in the SA and other affiliated trademarks, which are valuable assets of Reflex Media under its licensing agreement and are of substantial worth to Reflex Media and to the trademark's owners from whom Reflex Media licenses the trademarks.

DEFENDANTS' TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

38.    After <SeekingArrangement.com> launched and immediately became profitable and commercially successful, and after the SA and Seeking Arrangement's other affiliated marks became famous, Defendants began to advertise and promote their own online dating website, <www.sugarmodels.com>, to directly compete against <SeekingArrangement.com>.

39.    As further described below, Defendants have engaged in unfair competition by posing as persons that were legitimately interested in the services available to members of <SeekingArrangement.com>, when they were actually seeking to illegally gain access to <SeekingArrangement.com>'s customer list and use that list to send fraudulent solicitations to <SeekingArrangement.com>'s customers by informing them that <SeekingArrangement.com> was inviting them to visit Defendants' website.

40.    To further perpetuate this fraud, Defendants are infringing on the SA trademark by using the mark, in connection with their infringing website. Defendants' fraudulent solicitations and trademark infringement has actually caused some of <SeekingArrangement.com>'s customers to believe Defendants' website is part of Seeking Arrangement's brand.

LIKELIHOOD OF CONFUSION AND HARM TO REFLEX MEDIA'S BUSINESS

41.    On information and belief, <www.sugarmodels.com>, which uses marks confusingly similar to the SA trademark, is of substantially inferior quality to Reflex Media's famous <SeekingArrangement.com> website and associated services, such that the SA trademark will suffer, and has suffered, negative associations through Defendants' unauthorized use.

42.   Defendants' confusingly similar use of the SA trademark for a similar or identical class of services, which are distributed through the same channels of trade, is likely to confuse consumers. Additionally, Defendants' use of the SA trademark is likely to lead consumers to conclude that <www.sugarmodels.com> was exclusively or jointly developed, licensed, or certified by, or is otherwise associated with or affiliated with, <SeekingArrangement.com> and the other websites operated by Reflex Media.

43.   In fact, Defendants' conduct has caused actual confusion among <SeekingArrangement.com>'s customers. For example, on or about March 1, 2016, a Seeking Arrangement member wrote to the website's founder, Brandon Wey, specifically to inquire about Seeking Arrangement's affiliation with <www.sugarmodels.com>. Mr. Wey advised the inquirer that there was no affiliation between Seeking Arrangement and <www.sugarmodels.com>, to which the member responded: "I'm so sorry. I thought it was part of your brand." She went on to explain that she received a text message advising her that "SA," which is short for Seeking Arrangement, was inviting her to visit Defendants' infringing website, <www.sugarmodels.com>. As mentioned above, Seeking Arrangement has never invited anyone to visit Defendants' website. This is not the only such incident; there have been a number of Seeking Arrangement Members who have become confused by Defendants' fraudulent conduct and have asked questions of Reflex Media which required it to explain that Defendants were not affiliated with Reflex Media or its websites in any way.

44.   Accordingly, Reflex Media seeks to permanently enjoin Defendants from using  SA trademark, as well as any confusingly similar marks, for the marketing and/or sale of their dating services so that the SA trademark can continue to serve as a unique identifier of a predictable nature and quality of goods or services coming from a single source.

DEFENDANTS' ARE ACTIVELY ENGAGED IN COMMITTING CONSUMER FRAUD

45.   On information and belief, the Individual Defendants joined, accessed and logged into <SeekingArrangement.com>, and agreed to the website's Terms of Use, for

the purpose of and with the intent to gain access to the SA and other associated trademarks, the trade dress used on <SeekingArrangement.com>'s website and other intellectual property owned or licensed to Reflex Media, as well as customer lists and the customers' contact information.

46.     On January 25, 2016, and January 26, 2016, one of the Individual Defendants—using a fraudulently obtained membership on Seeking Arrangement— contacted at least three <SeekingArrangement.com> members and invited them to visit <www.sugarmodels.com>. As one member reported to Reflex Media on January 25, 2016: "[Defendant] [t]ells me [he is] looking for a relationship. Text him no response and the next day get a text to sing (sic) up for a different site [f]rom S.A."

47.     The following day another member complained about the Individual Defendants' use of Reflex Media's website, saying: "This member is giving his cell number that you can text him. He then sends a link to an external sugar site in an effort to exploit the women."

48.     Based upon information and belief, the Individual Defendants have collectively solicited more than 10,000 members of <SeekingArrangement.com> and directed them to visit the Defendants' infringing website, <www.sugarmodels.com>.

DEFENDANTS' BREACH OF SEEKINGARRANGEMENT.COM'S TERMS OF USE

49.     Anyone who seeks to join <SeekingArrangement.com> must signify that they have read and agree to be bound by its Terms of Use, "whether or not [they] register as a member." (*See* "SeekingArrangement.com Terms of Use Agreement," attached hereto as Exhibit 1 and incorporated by this reference as though fully set forth herein.) The Terms of Use "sets out the legally binding terms of use of the Website[.]" (*Id.*)

50.     Only those individuals who agree to the Terms of Use are authorized to join <SeekingArrangement.com>, thereby becoming a user.

51.     If a person fails to agree to the Terms of Use, that individual will be unable to register as a member and, therefore, is unable to gain access to Seeking Arrangement's member pages.

52.     In pertinent part, the Terms of Use provide:

Section 4: Non-Commercial Use by Members

The Website and the Service is for personal use only. Members may not use the Service in connection with any commercial endeavors.

Section 7: Proprietary Rights

SeekingArrangements.com owns and retains all proprietary rights in the Website and the Service, and in all content, trademarks, trade names, service marks, and other intellectual property rights related thereto. The Website contains the copyrighted material, trademarks, trade names, service marks, and other intellectual property rights related thereto. The Website contains the copyrighted material, trademarks, and other proprietary information of SeekingArrangement.com, and its licensors. Except for that information which is in the public domain or for which you have been given written permission, you may not copy, modify, publish, transmit, distribute, perform, display, or sell any such proprietary information.

Section 10: Copyright Policy []

You may not post, distribute, or reproduce in any way any copyrighted material, trademarks, or other proprietary information without obtaining the prior written consent of the owner of such proprietary rights.

53.     Thus, all users of <SeekingArrangement.com> agree under the Terms of Use: (1) not to use Reflex Media's proprietary information for commercial purposes, and only to use it for personal, non-commercial use; (2) not to copy, modify, publish, transmit, distribute, perform, display or sell any of Reflex Media's proprietary information, including the SA trademark other intellectual property; and (3) not to post, distribute, or reproduce any trademarks. (*See* Exhibit 1, §§ 4, 7, 10.)

54.     By and through the conduct alleged herein, Defendants' use and infringement of the SA trademark has violated, and continues to violate, the Terms of Use.

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION
### Fraud

55.     Reflex Media incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

56.     In or about February 2016 the Individual Defendants, on behalf of the Entity Defendants, subscribed to Reflex Media's website, <SeekingArrangement.com>.

57.     As explained above, in order to become members of <SeekingArrangement.com>, the Individual Defendants represented to Reflex Media that they were subscribing for their own personal use.

58.     This representation was knowingly false and concealed the fact that the Individual Defendants were actually subscribing to <SeekingArrangement.com> in order to gain access to Seeking Arrangement's customers and their contact information so Defendants could use that information for their own commercial endeavors by sending solicitations about the Defendants' infringing website to Seeking Arrangement's customers.

59.     In subscribing as a member of <SeekingArrangement.com>, the Individual Defendants intended to defraud Reflex Media and induced Reflex Media to rely on this false representation so they could become members of <SeekingArrangement.com>.

60.     Had the Individual Defendants not misrepresented that they intended to use <SeekingArrangement.com> for personal use only, Reflex Media never would have allowed them to access the user content available at <SeekingArrangement.com>.

61.     It was reasonable for Reflex Media to rely on the Individual Defendants' representations about their intent to use <SeekingArrangement.com> for personal use, and Reflex Media did in fact rely on those representations.

62.     After fraudulently obtaining access to Reflex Media's websites and gaining access to <SeekingArrangement.com>'s customers, Defendants have used Reflex Media's proprietary information to mislead Reflex Media's customers, to compete with Reflex Media, and to tarnish Reflex Media's brands by false association with Defendants' inferior websites.

63.     As a direct and proximate result of Defendants' foregoing conduct, Reflex Media has suffered damages in an amount to be proven at trial, but estimated to exceed $75,000.

## SECOND CAUSE OF ACTION
### Trademark Infringement, False Designation of Origin, and Unfair Competition (15 U.S.C. § 1125)

64.     Reflex Media incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

65.     As alleged herein, Reflex Media has an exclusive license to use protectable trademarks and has been assigned the right to protect those trademarks by, among other things, suing parties infringing on the trademarks.

66.     Without Reflex Media's consent, Defendants have used in commerce, in connection with the sale, offering for sale, distribution or advertising of Defendants' goods and services, marks identical or confusingly similar to the SA trademark in a manner that is likely to cause confusion, mistake and/or deception with consumers that Defendants' goods and services are the same as those of Reflex Media, and/or that Defendants' goods and services are somehow associated, affiliated, connected, approved, authorized or sponsored by Reflex Media.

67.     In fact, Defendants have actually misrepresented to <SeekingArrangement.com>'s customers that Seeking Arrangement invited them to visit the Defendants' infringing website. To give some appearance of legitimacy to this deception, Defendants have infringed on Reflex Media's SA trademark by using the

confusingly similar mark, SM, in connection with the promotion and identity of their infringing website.

68.     Defendants' misuse of Reflex Media's marks in commerce in connection with the goods and services offered on Defendants' website—including in commercial advertising and promotion on Defendants' website—and the misrepresentations being made to Reflex Media's customers about Seeking Arrangement inviting them to visit Defendants' infringing website, constitutes a false designation of origin and/or false or misleading representation that (1) is likely to cause confusion, mistake, or deception with the public and/or consumers as to the affiliation, connection, or association between Defendants' website, <www.sugarmodels.com>, and Reflex Media's website, <SeekingArrangement.com>; (2) is likely to cause confusion, mistake, or deception with the public and/or consumers as to the origin of Defendants' goods and services and/or that Reflex Media sponsors or approves of the goods and services offered on Defendants' website, <www.sugarmodels.com>; and/or (3) misrepresents the nature, characteristics, and/or qualities of the goods and services offered on Defendants' website, <www.sugarmodels.com>.

69.     Indeed, as described above, Defendants' unlawful conduct has in fact caused actual confusion among Reflex Media's customers about the origin of the products and services offered through Defendants' infringing website.

70.     Defendants have unjustly profited from their foregoing conduct.

71.     As a direct and proximate result of Defendants' foregoing conduct, Reflex Media has suffered damages in an amount to be proven at trial, but estimated to exceed $75,000.

72.     Defendants' foregoing acts constitute an exceptional case and are intentional, entitling Reflex Media to treble their actual damages and to an award of attorneys' fees.

////

### THIRD CAUSE OF ACTION
**Computer Fraud and Abuse Act**
**(18 U.S.C. § 1030)**

73.     Reflex Media incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

74.     In or about February 2016 the Individual Defendants registered as members of Reflex Media's website, <SeekingArrangement.com>.

75.     In registering as a member of <SeekingArrangement.com>, the Individual Defendants represented that they intended to subscribe as members for personal use only, and Reflex Media gave them access to user content available on <SeekingArrangement.com> in reliance on those representations and only for this limited purpose.

76.     In effect, the Individual Defendants had obscured their true identity and posed as legitimate customers in order to deceive Reflex Media into giving them access to the member content available at <SeekingArrangement.com>. In a very real sense, the Individual Defendants infiltrated Reflex Media's computer systems by acting as a Trojan horse for the Entity Defendants.

77.     The Individual Defendants then intentionally and, based on the false pretenses and representations made to Reflex Media, without authorization accessed <SeekingArrangement.com> and stole contact information of Seeking Arrangement's customers so that they, on behalf of the Entity Defendants, could send solicitations to Seeking Arrangement's customers about Defendants' infringing website.

78.     Reflex Media's computers, which host and operate <SeekingArrangement.com> constitute "protected computers" as that term is defined in 18 U.S.C. § 1030(e)(2).

79.     As described above, Defendants conspired to commit and attempted to commit violations of 18 U.S.C. § 1030(a)(7)(B) and (C) in violation of 18 U.S.C. § 1030(b).

80.     Defendants' conduct has caused loss, as defined in 18 U.S.C. § 1030(e)(11) of more than $5,000 to Reflex Media during a one-year period.

81.     In fact, as a result of these violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, Reflex Media has suffered damages and losses in an amount to be determined at trial, but estimated to exceed $75,000.

## FOURTH CAUSE OF ACTION
### Unauthorized Access to Computers, Computer Systems and Computer Data
### (Cal. Penal Code § 502)

82.     Reflex Media incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

83.     <SeekingArrangement.com> is hosted and operated using a series of computers, computer networks and computer systems, as defined in Cal. Penal Code § 502.

84.     In or about February 2016, the Individual Defendants registered as members of <SeekingArrangement.com>.

85.     In registering as a member of <SeekingArrangement.com>, the Individual Defendants represented that they intended to subscribe as members for personal use only, and Reflex Media gave them access to user content available on <SeekingArrangement.com> in reliance on those representations and only for this limited purpose.

86.     The Individual Defendants subsequently accessed <SeekingArrangement.com> and stole contact information for Seeking Arrangement's customers so that they, on behalf of the Entity Defendants, could send solicitations to Seeking Arrangement's customers about Defendants' infringing website.

87.     As further described above, those solicitations told customers that SA, or Seeking Arrangement, was inviting them to visit Defendants' infringing website. This is patently false: Seeking Arrangement has never invited any person to visit Defendants' infringing website.

88.     Defendants made these false representations knowing that Reflex Media's brand garnered great respect and trust among its customers, and they intended for those false representations to be relied upon by Seeking Arrangement's clients in order to cause them to visit and subscribe to Defendants' website.

89.     Through the aforementioned acts, Defendants knowingly accessed, and without permission, (i) used Reflex Media's data in order to execute a scheme to defraud Seeking Arrangement's customers, (ii) took and made use of data from Reflex Media's computer, computer system and/or computer network, (iii) used Reflex Media's computer services, and (iv) accessed Reflex Media's computer, computer system and/or computer network.

90.     As a direct and proximate result of Defendants' foregoing conduct, Reflex Media has suffered damages in an amount to be proven at trial, but estimated to exceed $75,000.

91.     Reflex Media also seeks attorneys' fees, as allowed by § 502(e)(2) and an award of punitive or exemplary damages as permitted by § 502(e)(4).

### FIFTH CAUSE OF ACTION
**Uniform Trade Secrets Act**
**(Cal. Civ. Code § 3426, *et seq.*)**

92.     Reflex Media incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

93.     The list of persons that subscribe to Reflex Media's website, <SeekingArrangement.com>, is information that has been developed at great expense to Reflex Media (and its predecessor) over many years of operation and marketing.

94.     Reflex Media's customer list provides the identity and contact information for persons interested in the type of services offered by Reflex Media, and therefore, derives independent economic value from not being generally know to the public or to other persons who can obtain economic value from its disclosure or use.

95.     Seeking Arrangement's customer list is maintained in a fully-encrypted database and access to that information is provided only as needed to conduct its business operations. Indeed, Reflex Media's efforts to maintain the secrecy of customer lists exceed industry standards.

96.     The Individual Defendants, on behalf of the Entity Defendants, made misrepresentations to Reflex Media when registering as members of <SeekingArrangement.com> by indicating that they intended to (and in fact would) use the website for personal use only, when in actuality, they always intended to gain access to <SeekingArrangement.com> so they could steal Seeking Arrangement's customer list for the benefit of their own competing website.

97.     In effect, Defendants were engaged in corporate espionage directed at stealing Seeking Arrangement's customer list, which is a protected trade secret under California law.

98.     Based upon information and belief, Defendants misappropriated at least part of Seeking Arrangement's customer list through the efforts described above and knew or had reason to know that this trade secret, the rights to which belong to Reflex Media, was acquired by improper means.

99.     As a direct and proximate result of Defendants foregoing conduct, Reflex Media has suffered damages and losses in an amount to be determined at trial, but estimated to exceed $75,000.

## SIXTH CAUSE OF ACTION
### Common Law Trademark Infringement

100.   Reflex Media incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

101.   At all times relevant to this action, Reflex Media, in connection with the operation of its website, <SeekingArrangement.com>, has used the trademark, SA. Reflex Media has used the SA trademark in connection with its business continuously since inception.

102.   Reflex Media's use of the SA trademark predates Defendants' use of the SM trademark.

103.   The SA trademark used by Reflex Media is distinctive and has gained national, if not worldwide, recognition among the online dating community as being synonymous with <SeekingArrangement.com>. For this reason, the SA trademark has also acquired secondary meaning among online dating consumers.

104.   Defendants' use the mark, SM, in connection with the advertising, promotion and identification of their competing website, <www.sugarmodels.com>.

105.   The SM mark is confusingly similar to the SA trademark, especially given that both marks are used in business enterprises that offer the same or similar services and utilize the same primary marketing channels (i.e., the Internet).

106.   Defendants' use of this confusingly similar mark has caused confusion among consumers, including Seeking Arrangement's existing consumers.

107.   Reflex Media has not authorized Defendants to use its SA mark or any confusingly similar marks.

108.   As a direct and proximate result of Defendants foregoing conduct, Reflex Media has suffered damages in an amount to be proven at trial, but estimated to exceed $75,000.

## SEVENTH CAUSE OF ACTION
### Intentional Interference with Prospective Economic Advantage

109.   Reflex Media incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

110.   At all times relevant to this action, Reflex Media had a prospective contractual relationship with the customers of its website, <SeekingArrangement.com>, and a reasonable probability in the continuation of those business relations.

111.   Defendants had knowledge of these relationships because they, individually and on behalf of the Entity Defendants, subscribed as members of Reflex Media's website, <SeekingArrangement.com>.

112.   Defendants intentionally, or with substantial certainty, interfered with the relationship between Reflex Media and its customers by, among other things, using customer contact information available on <SeekingArrangement.com>, in contravention to the website's Terms of Use, to contact Reflex Media's customers in an effort to divert them to Defendants' competing website.

113.   Defendants further intentionally, or with substantial certainty, sought to interfere with the relationship between Reflex Media and its customers by misrepresenting to them that Seeking Arrangement was inviting them to visit Defendants' infringing website, <www.sugarmodels.com>, and by using a trademark confusingly similar to the SA trademark with the intent of deceiving customers into believing that Seeking Arrangement and <www.sugarmodels.com> are affiliated.

114.   Defendants' above-described conduct has caused actual disruption to the relationship between Reflex Media and its customers.

115.   As a direct and proximate result of Defendants foregoing conduct, Reflex Media has suffered damages and losses in an amount to be determined at trial, but estimated to exceed $75,000.

## EIGHTH CAUSE OF ACTION
### Unfair Competition
### (Cal. Bus. & Prof. Code. § 17200 *et seq*.)

116.   Reflex Media incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

117.   Defendants have made false representations as to the affiliation, connection, and association between Defendants' infringing website, <www.sugarmodels.com>, and <SeekingArrangement.com> to members of Seeking Arrangement and others.

118.   Reflex Media requests that that this Court enjoin Defendants from further engaging in consumer fraud by stating or implying that there is any affiliation, connection, or association between <www.sugarmodels.com> and <SeekingArrangement.com>.

119.   Defendants' foregoing acts have caused, and will continue to cause, irreparable harm and injury to Reflex Medial and its reputation and goodwill for which Reflex Media has no adequate remedy at law. The threat of future injury to consumers and to Reflex Media's business, identity, goodwill and reputation necessitates the award of injunctive relief to prevent Defendants' continued unfair competition.

## NINTH CAUSE OF ACTION
### Accounting

120.   Reflex Media incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

121.   On information and belief, Defendants have received, and continue to receive, substantial revenues from the use and exploitation of the SA trademark or similarly confusing use of that trademark.

122.   Reflex Media is entitled to a full accounting of all revenues received by Defendants in connection with the infringing use of the SA trademark, or similarly confusing use of that trademark.

123.   Reflex Media is also entitled to an accounting of all of the members of Reflex Media's websites that Defendants have fraudulently contacted.

124.   Accordingly, the full and precise amount owed and becoming due to Reflex Media can only be determined pursuant to a full and accurate accounting of all gross proceeds generated from and expenses incurred, by or in connection with the unauthorized exploitation of the SA trademark, or similarly confusing use of that trademark.

## PRAYER FOR RELIEF

**WHEREFORE,** Reflex Media prays for judgment against Defendants as follows:

1.   Adjudge that Defendants and each of their agents, employees, attorneys, successors, assigns, affiliates, and joint ventures and any person(s) in active concert or participation with them, and/or person(s) acting for, with, by, through or under them, be

enjoined and restrained at first during the pendency of this action and thereafter permanently from:

      a.     Selling, offering for sale distributing, advertising, or promoting any goods or services that display any words or symbols that so resemble or are confusingly similar to the SA trademark, or the look and feel of <SeekingArrangement.com>, as to be likely to cause confusion, mistake or deception, on or in connection with any goods or services that are not authorized by or for Reflex Media;

      b.     Using the SA trademark, any other marks or domain names confusingly similar to those marks alone or in combination with any other letters, words, letter strings, phases or designs, or the look and feel of <SeekingArrangement.com> in commerce or in connection with any goods or services;

      c.     Using any word, term, name, symbol, or device or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendants' or their goods with Reflex Media or as to the origin of Defendants' goods or services, or any false designation of origin, false or misleading description or representation of fact;

      d.     Further infringing on the rights of Reflex Media in and to any of its trademarks, trade dress, products and services or otherwise damaging Reflex Media's goodwill or business reputation;

      e.     Using any of Reflex Media's confidential information in connection with any product or service, in any medium, including future contact or business with SA members;

      f.     Otherwise competing unfairly with Reflex Media in any manner; and

      g.     Continuing to perform in any manner whatsoever any of the other acts complained of in the Complaint;

2. Adjudge that Defendants be required immediately to supply Reflex Media's counsel with a complete list of individuals and entities from whom or which it purchased, and to whom or which it sold, offered for sale, distributed, advertised or promoted, infringing goods and services as alleged in this Complaint;

3. Adjudge that Defendants, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon Reflex Media's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

4. Adjudge that Reflex Media recover from Defendants their actual damages and lost profits in an amount to be determined at trial, but estimated to exceed $75,000, for Defendants' violations of 15 U.S.C. § 1125; that Defendants be required to account for any profits that are attributable to its illegal acts; and that Reflex Media be awarded the greater of (1) three times Defendants' profits or (2) three times any damages sustained by Reflex Media under 15 U.S.C. § 1117, plus prejudgment interest;

5. Adjudge that the Individual Defendants are legally bound by Seeking Arrangement's Terms of Use and has breached the terms therein;

6. Adjudge that Reflex Media recover from Defendants the damages caused by Defendants, as well as punitive and/or treble damages and attorneys' fees;

7. Adjudge that Reflex Media be awarded its costs incurred in connection with this action, including its reasonable attorneys' fees and investigative expenses;

8. Impose a constructive trust on all of Defendants' funds and assets that arise out of Defendants' infringing activities; and

9. Adjudge that all such other relief be awarded to Reflex Media as this Court deems just and proper.

////

////

////

## DEMAND FOR JURY TRIAL

Reflex Media hereby requests a jury trial in this matter.

Dated: April 6, 2016                    **SMITH CORRELL, LLP.**


                                        By:   /s/ Mark L. Smith
                                              Mark L. Smith
                                              Attorneys for Plaintiff
                                              REFLEX MEDIA, INC.